RECEIVED
IN MONROE, LA
OCT 2 4 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JACOBY L. GIBSON | CIVIL ACTION NO. 3: 07-0719 |
| VERSUS | JUDGE ROBERT G. JAMES |
| APPLEBEE'S NEIGHBORHOOD GRILL | MAG. JUDGE KAREN L. HAYES |

### RULING

This is an employment discrimination action brought by Plaintiff Jacoby L. Gibson ("Gibson") against Defendants Applebee's International, Inc. ("Applebee's International") and Apple Arkansas, Inc. ("Apple") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

Pending before the Court is a Motion for Summary Judgment [Doc. No. 7] filed by Applebee's International. For the following reasons, Applebee's International's Motion for Summary Judgment is GRANTED.

### I.  RELEVANT FACTS AND PROCEDURAL HISTORY

In the summer of 2005, Gibson, an African-American, was hired to work as a general utility employee and dishwasher at an Applebee's Neighborhood Grill & Bar, located at 4911 Pecanland Mall Drive, Monroe, Louisiana. That restaurant is owned and operated by Apple.

Approximately one year later, on or about July 15, 2006, Gibson was terminated for an alleged violation of a workplace rule against acts of violence.

On April 24, 2007, Gibson filed a Complaint [Doc. No. 1] naming Applebee's Neighborhood Grill as his former employer and sole Defendant. Gibson alleges that he was

terminated on the basis of his race because he did not commit an act of violence, but acted in self defense, and other similarly situated white employees "involved in altercations were not punished similarly." [Doc. No. 1, ¶ 5].

On July 3, 2007, Gibson filed an Amended Complaint [Doc. No. 3], substituting Applebee's International as the alleged proper Defendant. Applebee's International is a franchisor, which owns the rights to develop and operate a system of restaurants that include the service mark Applebee's Neighborhood Grill & Bar. Applebee's International issued a franchise license to Apple for the restaurant located in Monroe, Louisiana.

However, Applebee's International has no involvement in the day-to-day operations of the Monroe restaurant. Pursuant to Section 15.1 of an October 15, 2001 Franchise Agreement, Apple is not the "agent, legal representative, joint venturer, partner, employee or servant of [Applebee's International] for any purpose whatsoever." Apple is "an independent contractor and is not authorized to make any contract, agreement, warranty or representation on behalf of [Applebee's International], or to create any obligation, express or implied, on behalf of [Applebee's International]."

On July 26, 2007, counsel for Applebee's International sent a letter to Gibson's counsel, explaining that the Monroe restaurant is owned and operated by Apple and giving Apple's address.

On August 13, 2007, Applebee's International filed an Answer [Doc. No. 5].

On the same date, Applebee's International filed the pending Motion for Summary Judgment [Doc. No. 7], asserting that Gibson has no cause of action against it as franchisor.

On August 28, 2007, Gibson filed an Opposition to Defendant's Motion for Summary

2

Judgment [Doc. No. 10].

On the same date, Gibson also filed a Motion for Leave to File Second Amended Complaint [Doc. No. 11].

On August 29, 2007, Magistrate Judge Karen L. Hayes granted Gibson leave to file his Second Amended Complaint. In that Second Amended Complaint [Doc. No. 15], Gibson added Apple as a Defendant.

On September 7, 2007, with leave of Court, Applebee's International filed a Reply [Doc. No. 19] in support of its Motion for Summary Judgment.

On September 25, 2007, with leave of Court, Gibson filed a Sur-Reply [Doc. No. 24].

On October 1, 2007, with leave of Court, Applebee's International filed a Response to Gibson's Sur-Reply [Doc. No. 27].

## II.   LAW AND ANALYSIS

### A.   Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact

finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

### B. Employer under Title VII

Gibson brought this lawsuit solely under Title VII. Therefore, the Court must determine whether there is a genuine issue of material fact for trial as to whether Applebee's International was Gibson's "employer" under Title VII at the time of the alleged unlawful action.

As the Fifth Circuit has explained:

> Determining whether a defendant is an "employer" under Title VII or the ADEA involves a two-step process. First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff and the defendant.

Deal v. State Farm County Mut. Ins. Co. of Texas, 5 F.3d 117, 118 n.2 (5th Cir. 1993) (citing Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017, 1019 (5th Cir.1990)).

Applebee's International does not deny that it meets the statutory definition of

4

"employer."[1] Therefore, the Court assumes for purposes of summary judgment that the first step of the process has been met.

Under the second step of the process, the Court must determine whether "an employment relationship exists within the meaning of Title VII" between Applebee's International and Gibson under "a 'hybrid economic realities /common law control test.'" Id. at 118-19 (quoting Fields, 906 F.2d at 1019 (citing Mares v. Marsh, 777 F.2d 1066 (5th Cir.1985)).

The most important component of the test is the "right to control an employee's conduct." Id. at 119. In examining control, the Fifth Circuit has focused on the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." Id.; see also Muhammad v. Dallas County Cmty. Supervision and Corr. Dep't, 479 F.3d 377, 380 (5th Cir. 2007).

The economic realities test focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. 5 F.3d at 119.

In this case, the evidence, or rather lack of evidence, proves that Applebee's International was not Gibson's employer under Title VII. Applebee's International produced an affidavit from John C. Hancharick ("Hancharick"), the Director of Franchise Operations, in which Hancharick attests that Applebee's International had "no involvement, directly or indirectly, in running the Applebee's restaurant located in Monroe, Louisiana, or employing individuals who worked at the restaurant." [Doc. No. 7, ¶ 8]. In response, Gibson has produced no evidence that Applebee's

---

[1] Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . , and any agent of such a person . . . ." 42 U.S.C. § 2000e(b) (2000).

5

International had or exercised any control over his hiring, firing, supervision, or work schedule. Further, pursuant to the October 12, 2001 Franchise Agreement, Apple was an independent contractor, and there is no evidence that Applebee's International paid Gibson's salary, withheld taxes, provided benefits, or set the terms and conditions of employment.[2]

While Gibson points to portions of the Franchise Agreement related to training of the General Manager, Kitchen Manager, and Assistant Manager, none of those provisions suggest an employment relationship between Gibson and Applebee's International. If a person holding one of the named positions had been terminated pursuant to the Franchise Agreement provisions, then the Court would have a different set of facts to consider and might or might not find Applebee's International to be an employer under Title VII. Similarly, provisions which permit Applebee's International to give Apple "advice and assistance" and to visit the restaurant "periodically" provide no evidence that Applebee's International exercised control over Gibson's employment or was, in fact, his employer under the economic realities.

Because "[t]he 'hybrid economic realities/common law control test' is necessarily a fact-specific inquiry," see Muhammad, 479 F.3d at 382, the Court is bound to make its determination on the facts presented in this case. Neither the Franchise Agreement, nor any other evidence creates a genuine issue of material fact for trial as to whether Applebee's International employed Gibson. Accordingly, the Court finds, as a matter of law, that Applebee's International was not Gibson's employer under Title VII.

---

[2] As pointed out by Applebee's International, if there were some employment relationship, Gibson should have been able to point to a pay stub, benefits, schedule, or some other facts that supported such a finding.

## III. CONCLUSION

For the foregoing reasons, Applebee's International's Motion for Summary Judgment [Doc. No. 7] is GRANTED, and Gibson's claims against it are DISMISSED WITH PREJUDICE, each party to bear its own costs.

MONROE, LOUISIANA, this 24 day of October, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE